Hello. Hello, everyone. Appeal number 172620, Gerald North v. Ubiquity, Incorporated. Hello, Mr. Hall. Hello, Your Honor. Great. Okay. Whenever you're ready, you may begin. Thank you, Your Honor. Thank you for hearing this. This matter concerns default judgment and the overturning of that default judgment in a case that's focused on venue and jurisdiction. Here, the parties have three significant states where they have contacts. California, where the defendants are. Arizona, where Mr. North resides, but the contract is with his firm, North and Associates, which had its offices and headquarters and a lot of what he was going to do in Chicago. A default judgment was obtained when the defendants failed to respond. And let me say that this case was filed. There was a simultaneous case in Arizona, and the parties, the defendants in Arizona had objected to jurisdiction in the state courts of Arizona. And so with statute of limitations concerns, this case was filed in the Northern District of Illinois. A default judgment was obtained, even though the parties, the defendants were served, and then they came back under Rule 60B-4 to overturn the judgment. Now, Mr. Hall, forgive me, but, you know, you represented in the district court that the California statute of limitations would not expire until February 2018, yet you did not file in California when the Illinois case was dismissed for lack of jurisdiction in July of 2017. So why do you believe that the interest of justice demands transfer if you chose not to pursue that option when you had the chance? Thank you, Your Honor. That's a matter of perspective. And when this case was dismissed, the Arizona case was still going forward, and we believed that the statute of limitations issue was not a problem there. It wasn't until six months later after this case was dismissed that the statute of limitations issue arose in Arizona. And so it's become a complicated statute of limitations issue because the Illinois statute of limitations is 10 years, which is one of the reasons it was chosen, and preference obviously should be given to the plaintiff's choice of forms, if you can, and there would be no statute of limitations at all. Mr. Hall, you've been, I mean, what you argued was that the district court should have transferred the case under section 1631 in the interest of justice, but given your representation to the district court that the California limitations period wouldn't expire, as I noted, until February 2018, what factors were before the court that were unrelated to the limitations period that would have mandated a transfer in the interest of justice? Well, I believe that at the time that the 60B4 motion was being argued, where it was the at that time, this isn't like a motion to dismiss, that the plaintiff, Mr. North at the time, believes that he didn't have a problem under the Arizona statute of limitations. Mr. Hall, let me, can I ask you, it's Judge Scudder from the courtroom, can I ask you the question? It's the same, or it's intended to be the exact same question that Judge Roeder is asking, just put in from a slightly different perspective, okay? It seems that there's been quite extensive litigation between the parties over the years and a pretty extensive dispute about the equity right, just to shorthand it, that Mr. North believes he received or was granted from Ubiquity. To keep every single option open to resolve that dispute, I don't understand why the moment that case was dismissed in the Northern District of Illinois, you didn't do one of two things, or your client. You didn't go to Judge Bucklow and say, Your Honor, you're obligated under 1631 to transfer this, to move it out to California. And it's important that you do so promptly, because there's seven months to go. Or, as Judge Roeder is suggesting, that the very next day, you didn't put the lawsuit on file in California and apprise the California Court that because there's a dispute pending in Arizona, that it would just be best that the California Court stay its hand, because it's possible that the Arizona matter will resolve everything. That's what is very difficult for me to understand here. No, I understand that factual issue. And we're in actually a situation where understanding each of the statute of limitations in this matter, there was a choice of law provision in the contract, which chose California law. So it was very reasonable at the time for Mr. North to assume that he was getting the California statute of rules in Arizona. The only reason that wasn't applied in Arizona was because of a very unusual contract statute of limitations. Okay. When I hear you say that, with all respect, it seems, and I don't mean this critically, okay, it doesn't seem responsive to the substance of the question. And that is that a party like Mr. North, it would seem is going to really go out of his way to preserve his options, especially in a long running, highly contested dispute like this. And so notwithstanding the would want to leave that other avenue open in a California forum in the event that the complexity didn't redound to his benefit and indeed the entire matter in Arizona. So in other words, when you say in response to the questions you're getting, well, the statute of limitations is complicated. I can say, I'll grant you that. It very well could be complicated. But how does that explain his inaction? Well, I can say in hindsight, I don't disagree that that would have been prudent and a better choice. But on the other hand, there is, it becomes difficult to move from court to court with new cases. And when at the time he was not aware, and you would have to have defined, you know, understanding what would have happened or would happen in Arizona. The original reason that he filed in Illinois was because of an objection by the defendants to personal jurisdiction in Arizona. And so, you know. Forgive me. I'm really sorry, because let me try it this way. From the early filings in the Arizona state and throughout this case, personal jurisdiction in California was clearly established. Yet, for whatever reasons, you chose to file first in Arizona, later in Illinois. What I need to understand is why should the interest of justice require what is actually a third opportunity to proceed in California now? When you, for whatever complex reasons, and I'm sure there were. But when you deliberately chose to forego that option for many years, that's what I need to, what I need to understand. The complexity, and I believe also, if I go back through the history, is through the litigation in Arizona. The defendants have gone through four counsel and also went through an extensive period where they were completely non-responsive to discovery and weren't represented. And so, you know, it became more and more difficult simply because I know that Mr. North had no one to deal with. They did in Arizona what they did to the court here, which is they chose not to show up until they needed to save the issue under the 62B4 motion. They were doing that in Arizona, and we had long periods where they simply weren't responsive. They had no counsel. They demanded that they have a receiver appointed for the company who never showed up in the court or registered. And so it became kind of a mishmash of problems. I know we're applying for default judgments here. The reason it's in the interest of justice is because, you know, certainly when faced with the jurisdiction issue, Mr. North decided it was in his interest to choose between California, Arizona, and Illinois. And there are significant contacts, you know, and substantial reasons why we should be in Illinois. And as the plaintiff, he had a right to choose. One of the reasons was that Illinois had the best statute of limitations, would have taken this case completely out of all of the statute of limitations issues. And if the judge in Illinois said, no, this was a better form in California, then the best action would have been at the time to transfer this to California under the venues. Mr. Hall, the way I read the complaint, though, I know you say there were lots of contacts in Illinois on the contracting side, but I read the complaint as much more sparing than that, that what you alleged is really that Ubiquiti entered into a contract with a firm that had a presence in Illinois. And how is that sufficient under Burger King or the cases in our circuit in the wake of Burger King? I'm thinking in particular of Purdue Research. I think that's a good point, except we never had a hearing. We never had a fact-finding hearing about what contacts there were with Illinois. So I don't have anything to And in that situation under 60 v. 4, Mr. North made a prima facie case here. And the judge should have been able to answer your questions because the facts are that this was a contract for the defendants to get involved with significant players in the communications industries. And all of those contacts were in Chicago. That's where it was contemplated that contract would go forward. I don't have a good record for that because there was no hearing. Mr. Hall, could I ask you to tell us what the latest status is in the Arizona litigation? It's currently, well, two things happened. This is primarily contract action, and the defendants prevailed on a contract summary judgment based on Arizona's essential statute of repose. If a contract is made in Arizona, then that contract statute of limitations is applied despite the choice of law. But the notion of the accrual of the cost of action then goes with the state. There are other claims. Is there an appeal pending? Yes. It's being filed today, actually, because we just got a ruling on the second part 30 days ago, and that is being appealed. So it is not a final action in Arizona. We can end these issues if we were transferred to California. What did you say? What was the last thing you said, sir? I said essentially we could end the Arizona issues by having the case that was filed in Illinois moved to California where it should be. We don't object. The defendant doesn't object to jurisdiction, and it's hard to object to the convenience of the forum there because then under the 1404A, the Illinois statute of limitations would apply in California. And that would take all of those issues away, and that's why in a case where during this case, the defendants have, although they have been, they've had different positions on the same facts. They admitted that they breached the contract, and other times they've argued the contract was void. But I think that looking at the case, it is clear that they had a duty to issue the stock in the case, and they merely refused to do it, and they did not have any defenses. So this entire case really depends upon these procedural issues. Okay. Thank you. I'll give you a couple minutes for rebuttal, even though never. Okay. Thank you. Thank you. All right. Morning, Mr. Clark. Morning. Anytime. Thank you. May it please the court. The district court correctly determined that it lacked personal jurisdiction over ubiquity, and therefore properly vacated the default judgment and dismissed the case below. This is the only issue that is properly before this court on appeal, and the district court's ruling should be affirmed. Has any circuit court of appeals as opposed to district court held that Section 1631 applies only to cases involving subject matter jurisdiction and not personal jurisdiction, to your knowledge? To my knowledge, I have not found a case holding the opposite of the cases that have been cited by Mr. North. The cases that were cited by Mr. North hold that it applies to personal jurisdiction as well as subject matter jurisdiction, or the rest of the circuits in the Supreme Court. Doesn't that state of the case law make sense to you? It seems very odd to me that it would be an exclusionary reference to subject matter jurisdiction, because ordinarily when subject matter jurisdiction is lacking, you don't think about transferring a case. In a lot of instances, it means there's no case or controversy, hence nothing to transfer. Certainly. I can think of instances where it's going to be otherwise here. Well, and I think this case would be a case where, you know, as we submit it, I don't think the court needs to get to that issue here. I mean, in order to find for Mr. North on the 1631 issue, the court has to do three things. One, it has to find that this issue wasn't waived down at the district court. He never raised it, and as you brought up, you stole my thunder from the opening remarks I had. There was never a motion to reconsider filed with Judge Bucklow immediately after. This case was never filed out in California within the time period that they claimed they had the statute of limitations. So, you know, our first contention is it's waived. Secondly, the Seventh Circuit, the court, would have to definitively rule on this issue, which it has declined to do to date, and because here the interest of justice analysis is really the way to dispose of this case. Yeah, I mean, you know, perhaps you end up being right on that, but I don't really, I don't think the interpretative question or how to interpret 1631 is really laden with a bunch of controversy. I mean, it seems like shall means shall. Interest, you know, there's an interest of justice kind of exception or overlay there. But there's a reason. Jurisdiction means jurisdiction, so it could be personal jurisdiction, it could be subject matter jurisdiction. It just means what it says. Certainly, but the intent of the statute was to assist confused litigants who mistakenly filed in the wrong forum and got tripped up in some evidence from the Paul v. Ines case. Yeah, so all that, though, all that is to say that you don't disagree so much with what I'm saying. You're just saying at the end of the day, it just all collapses. It all collapses. Against the plaintiff, for the defendant, on the interest of justice prong. Correct. I don't think the court needs to even address that issue, given the circumstances here, and potentially, given the circumstances here, the downside of addressing that issue in this case and finding that personal jurisdiction is covered within 1631 is it potentially encourages the gamesmanship that is going on. Give me the best argument to the contrary, that the word jurisdiction as Congress used it in 1631 does not encompass personal jurisdiction. What's the best argument you can make? I don't have the argument. I'm just saying that the court doesn't have to rule on that issue. Yeah, I mean, at some point, when there are facts before the court with a litigant who truly made a mistake. So as far as I do want to spend a few moments on personal jurisdiction, because that was the ruling that the district court made. There is ample evidence in the record that Mr. North, in his effort to establish personal jurisdiction over ubiquity in Arizona, made substantial admissions that were all considered by the district court. In her ruling, which determined that personal jurisdiction did not exist over ubiquity, based on the single contract with North and Associates, which was an unincorporated entity, allegedly based here in Illinois. The complaint had one allegation that that was what the personal jurisdiction hinged on in the lower court. The district court looked at the affidavits that were submitted, and there was an extensive record. And I think counsel brought up that he never had the chance to present all of his evidence about the contacts with Illinois. Well, that's belied by the evidence that was submitted to the Arizona court, which was reviewed by the district court below in the form of Mr. North's declaration, which in the record, it's document 27-6. We cited it in our brief. There's Mr. North's declaration where he explains how he was contacted by ubiquity, an individual named Kenneth Bailey, who was a consultant to another individual named Steven Bansack. The thrust of all of these declarations are that ubiquity went to seek out Mr. North and Mr. Bansack in Arizona, and all their communications were in Arizona. In Mr. Bansack's affidavit, there's a sentence that says, except for two trips to California, all of the communications he had with ubiquity were in Arizona. This is what Judge Bucklow latched onto, right? This is exactly what she latched onto. Second and third page of her order. There is nothing in any of the materials that were submitted to the Arizona court stating that there was any reaching into Illinois, any sort of significant contact with this contract in Illinois, Mr. North in his brief. Well, I think Mr. Hall recognizes that, and in response, you can respond to his point. He said, well, because I don't have to plead that, we should have a hearing to let those facts get developed. Well, but he needs to make a prima facie case, and in making a prima facie case, the law in this circuit is that while the allegations of the complaint have to be liberally construed, the unrefuted allegations of the complaint do not have to be ignored. We started the GCIU Employer Retirement Fund case for that principle, and here, the record that Mr. North created, I mean, this isn't the record that ubiquity created. This is the record Mr. North created to establish personal jurisdiction in Arizona. That record is what Judge Bucklow looked at, and that record, there's no reason to believe that anything that's said in an evidentiary hearing would be any different from the record and the affidavits that he himself submitted. So, the notion that he made a prima facie case merely by submitting a complaint that was completely contradicted by his own evidence just falls to the wayside. Counsel, I didn't see any indication that the district court relied on a burden of production or persuasion here in deciding the personal jurisdiction issue. Correct. We're past the point of prima facie when there was a default judgment entered, and you all were coming forward to have that vacated, right? That's correct. That's our Briefly address the 1404A argument in the waiver. I don't think that's the real issue. We believe it's been waived. The cases that were cited in the reply brief by Mr. North for the fact that it wasn't waived or that you can't waive a 1404A argument all relate to Rule 12H, and whether it's an improper venue defense that has to be raised before an answer or not, none of those cases address any sort of waiver on appeal when the 1404A issue was not raised in the court below. And then finally, when we turn to the 1631 argument, and we've addressed a lot of it all the way to date, but the interests of justice are the core of that argument, and here the interests of justice do not warrant a transfer. This is not the type of case that 1631 was intended to apply to. It's intended when there's a confused litigant who gets caught up, mistakenly files in the wrong court. That was what happened in the Franco versus McCabe trucking case in the Fifth Circuit that Mr. North relies on, where a plaintiff got in a car accident that was three miles over the Texas border and accidentally filed in Louisiana, and there was no jurisdiction over the defendant there, so they transferred it. That's not this case here, and there was a lot of discussion about the statute of limitations issue, but that statute of limitations issue did not exist when this case was filed. This case was filed as a prophylactic against the possibility of a reversal of the personal jurisdiction issue of the Arizona court. The statute of limitations issue never even came up by Mr. North's admission until six months after this case was dismissed, so there was no to make the ruling that a potential forfeiture of the statute of limitations provides a sufficient grounds to transfer this case in the interest of justice. This is hindsight litigation, and when there was no basis in the record for the district court, the district court could not have been found to have erred in not making that ruling and not transferring when the issue was not before at the time. And with that, unless there are any further questions from the court, I'll take my seat. Thank you. We request that the district courts ruling be reaffirmed. Thank you very much. Mr. Hall, please give Mr. Hall two minutes. Thank you, Your Honor. Three points to make. I think the operative term here in the defendant's argument is gamesmanship, and throughout this litigation, the gamesmanship has been on the part of the defendant. In failing to appear for long, long periods in the Arizona case, in failing to appear in Illinois, and essentially they've put you in a position of saying, well, did Mr. North not play the game well enough, or was it the defendants who extended this litigation for an unnecessarily long time, which have brought to fore the statute of limitations issues. I don't think you should be in the decision of making that, and I don't think you need to, because here, although we think the judge should have done a shift or a transfer of venue, it is clear that under your case in Phillips v. Seitzer, the Seventh Circuit, 1999, it says that ordinarily, if the court fails to consider what Judge Scudder pointed out, is the mandatory nature of 1631, that it will be remanded for that consideration. It's not, I think, for you to make what the interest of justice here, although I suggest in the interest of justice means, as it notes in the Phillips case, for statute of limitations reasons. It's not a general equitable principle, necessarily. That is, there are statute of limitations reasons here. It should be, the district court should have considered 1631. It's not something that can be waived. It's a statute that says the district court shall do this, and it's not done. Why can it not be waived? Because the statute itself says that the court shall consider it, and the cases decided in the brief have all said that it's mandatory for the court. It doesn't have to be brought up by a motion. It can be brought up at any time. The best thing that federal court judges do is jurisdiction, and this is fundamental jurisdiction. You have to go to 1631 if you find there is no personal jurisdiction. The court has to do that. That's what that Phillips says. Thank you, Your Honor. Thank you very much. Case will be taken under advisement. Thank you.